IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN CALVERT, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>CABELA'S LLC,<br><br>    Defendant. | Case No.: 2:22-CV-01460-WSH |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION
TO STAY THE ACTION PENDING LIKELY TRANSFER
BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

**INTRODUCTION**

This Court should stay this Action because on February 15, 2023, the plaintiff in the action entitled *Tucker v. BPS Direct, LLC et al.*, Case No. 6:22-cv-03285-SRB (W.D. Mo.) (the "*Tucker* Plaintiff") moved the United States Judicial Panel on Multidistrict Litigation (the "Panel") to transfer Plaintiff Brian Calvert's ("Plaintiff") action and four (4) other similar actions to the Western District of Missouri for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 (the "Motion to Transfer"). *See In re: BPS Direct, LLC, and Cabela's LLC, Wiretapping Litigation*, MDL No. 3074 (J.P.M.L.), ECF No. 1. The six actions are currently pending across five different federal districts, and each involve the surreptitious interception, disclosure, and/or wiretapping of the electronic communications of visitors to www.cabelas.com and www.basspro.com in violation of state and federal privacy laws. To promote the efficient conduct of these actions, Plaintiff respectfully requests that this Action, including all pending motions and discovery, be stayed until the Panel decides the Motion to Transfer.

1

## FACTUAL AND PROCEDURAL BACKGROUND

Including this Action, there are at least six (6) putative class action lawsuits that have been filed on behalf of consumers alleging wiretapping and other privacy violations arising from the interception and disclosure of website visitors' electronic communications while interacting with the websites of Defendant Cabela's LLC ("Defendant" or "Cabela's") and BPS Direct, LLC ("BPS").[1] The lawsuits are pending across five (5) different federal districts and each seek to represent statewide classes. Cabela's and BPS are owned by the same parent company, and according to the actions, procure third-party vendors to embed snippets of JavaScript computer code ("Session Replay Code") on their websites, which then deploy on each website visitor's internet browser for the purpose of watching, intercepting, and recording the website visitor's electronic communications with the BPS and Cabela's websites, including their mouse movements, clicks, keystrokes (such as substantive information being entered into an information field or text box), URLs of web pages visited, and other electronic communications in real-time ("Website Communications"). Third-party vendors (collectively, "Session Replay Providers") create and surreptitiously deploy the Session Replay Code at BPS and Cabela's request.

Pending now before the Panel is a Motion to Transfer filed by the *Tucker* Plaintiff on February 15, 2023, seeking an order (1) transferring to the Western District of Missouri the five other actions and any other tag-along actions asserting similar or related claims against Cabela's or BPS involving the surreptitious interception, disclosure, and/or wiretapping of the electronic

---

[1] *Calvert v. Cabela's LLC*, Case No. 2:22-CV-01460-WSH (W.D. Pa.); *Cornell v. BPS Direct, LLC d/b/a Bass Pro Shops*, Case No. 1:23-cv-00020-SPB (W.D. Pa.); *Tucker v. BPS Direct, LLC et al.*, Case No. 6:22-cv-03285-SRB (W.D. Mo.); *VonBergen v. BPS Direct, LLC*, Case No. 2:22-cv-04709-KBH (E.D. Pa.); *Moore v. BPS Direct, LLC.*, Case No. 3:22-cv-01951-TWR-NLS (S.D. Cal.); and *Montecalvo v. Cabela's Inc.*, Case No. 1:22-11837-11837 (D. Mass.).

communications of visitors to www.cabelas.com and www.basspro.com in violation of state and federal privacy laws, and (2) consolidating the six related class actions for coordinated pretrial proceedings. Responses to the Motion to Transfer are currently due on March 8, 2023, and any replies are due on March 15, 2023. The Motion to Transfer will in all likelihood be listed for oral argument at the Panel's hearing on May 25, 2023.[2] A decision by the Panel on the Motion to Transfer will likely follow within a few days of the hearing.

Plaintiff now seeks a stay of this Action until the Panel issues a ruling on the Motion to Transfer to preserve the resources of this Court and the parties. For the reasons discussed below, Plaintiff respectfully requests that the Court grant his motion.

## LEGAL STANDARD

District courts have "broad discretion to stay proceedings as an incident to [the] power to control [their] own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "A stay of proceedings is particularly appropriate, and within the court's sound discretion, where the outcome of another case may substantially affect or be dispositive of the issues in a case pending before a district court." *Cnty. of Monmouth v. Pfizer, Inc.*, No. CV222050MASDEA, 2022 WL 17490541, at *2 (D.N.J. Dec. 7, 2022) (internal citations and quotation marks omitted). The party moving for the stay bears the burden of proving that a stay is appropriate. *Landis*, 299 U.S. at 255.

When deciding to stay proceedings pending the resolution of another action in federal court, courts consider: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and

---

[2] *See* https://www.jpml.uscourts.gov/hearing-information. The Motion to Transfer is not currently listed in the hearing order for the Panel's March 30 session, *see* https://www.jpml.uscourts.gov/sites/jpml/files/Hearing%20Session%20Filed_March%202023.pdf, but briefing will have long been closed by the time of the next session, on May 25.

3

trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *Deoleo v. United States Liab. Ins. Co.*, No. CV 20-2301, 2020 WL 9763085, at *1 (E.D. Pa. July 14, 2020) (internal citations omitted).

## ARGUMENT

I.  **The Existence of Related Proceedings and Consideration by the Panel of Centralization Favors a Stay.**

Pursuant to 28 U.S.C. § 1407(a) the Panel may coordinate or consolidate actions when it determines that transfer will further "the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). "The objective of transfer is to eliminate duplication in discovery, avoid conflicting rulings and schedules, reduce litigation cost, and save the time and effort of the parties, the attorneys, the witnesses, and the courts." Manual for Complex Litigation, § 20.131 (4th ed. 2004).

While § 1407 itself does not stay the individual proceedings, courts routinely exercise their inherent power to stay cases pending decision by the Panel on motions to consolidate and transfer. *See Cnty. of Monmouth*, 2022 WL 17490541, at *2; *Dean v. Novartis Pharms. Corp.*, No. CV 20-2755 (JMV), 2021 WL 3508808, at *2 (D.N.J. Aug. 10, 2021) ("Stays of a civil actions are common when the issue of transfer is before the JPML."); *Deoleo*, 2020 WL 9763085, at *2; *Pennsylvania ex rel. Kane v. McGraw-Hill Companies, Inc.*, No. 1:13-CV-605, 2013 WL 1397434, at *4 (M.D. Pa. Apr. 5, 2013); *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997) ("[A] majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the [multidistrict litigation] panel because of the judicial resources that are conserved."); *see also* 15 Charles A. Wright, *et al.*, Federal Practice & Procedure § 3866.1 ("[D]istrict courts will often exercise their discretionary power to stay the proceedings before them . . . pending a decision by

4

the panel regarding the transfer of a case, especially when such a stay would further the policies of judicial economy, efficiency, and consistency that are deeply embedded in the federal multidistrict litigation statute.").

Given that there are six cases pending in several federal district courts involving similar parties and claims to those in Plaintiff's Complaint, and the Panel is considering the transfer and coordination of these cases before the same judge, "[t]he existence of related proceedings and consideration by the JPML of centralizing the claims weighs in favor of a stay." *Dean*, 2021 WL 3508808, at *2.

## II.     The Interests of Judicial Economy Favor a Stay.

Granting a temporary stay of proceedings in this Action will promote judicial economy. "Courts often stay proceedings pending action by the JPML to preserve judicial resources and to ensure consistency in the disposition of like matters." *McGraw-Hill Companies, Inc.*, 2013 WL 1397434, at *4. The specific purpose of multidistrict litigation is to coordinate the pretrial management of actions sharing common issues in a "just and efficient" manner. 28 U.S.C. § 1407(a). And allowing this Action to proceed while the Panel determines the issue of transfer would undermine that purpose. *See Bloom v. Gen. Motors LLC*, No. 3:CV-14-1903, 2015 WL 140037, at *2 (M.D. Pa. Jan. 12, 2015) (absent a stay, there is "the potential for a duplication of efforts and resources if the stay is not granted, as this case involves many of the same questions and issues raised in other ignition switch actions pending in the MDL").

Indeed, with Defendant's motion to dismiss pending, a short stay may avoid unnecessary motions practice in this Court, as consolidation of the matters would likely result in dispositive motions being determined by a single forum should the Panel consolidate the other federal court cases. "It would be a waste of judicial resources for this Court to consider the merits of the

motion[] in this action while the JPML is considering whether transfer and centralization is appropriate." *Cnty. of Monmouth*, 2022 WL 17490541, at *3.

### III. Staying this Case Pending the Panel's Decision Will Not Prejudice Defendant.

Because this Action is still in its infancy,[3] the short stay Plaintiff seeks will not prejudice Defendant. *See Destination Maternity Corp. v. Target Corp.*, 12 F. Supp. 3d 762, 770 (E.D. Pa. 2014) ("Courts are most likely to grant a stay when a case is in an early stage of litigation."). While Defendant "may suffer temporary prejudice in the form of a delay pending resolution of the motion to transfer . . . this temporary inconvenience may ultimately result in significant benefits … should the JPML transfer the case." *McGraw-Hill Companies, Inc.*, 2013 WL 1397434, at *5; *Smith v. Life Investors Ins. Co. of Am.*, Civ. A. No. 07–681, 2008 WL 2222325, at *1 (W.D. Pa. May 29, 2008) (the period of delay resulting from a stay is "relatively short, is easily measurable, and is directly tied to a tangible event" when a party has already filed a motion to transfer with the Panel).

To the extent Defendant attempts to argue that it will suffer prejudice, a short stay may avoid unnecessary briefing on its pending Motion to Dismiss and will provide Defendant with "the protection inherent in a uniform resolution of pretrial issues." *McGraw-Hill Companies, Inc.*, 2013 WL 1397434, at *5. On the other hand, a denial of a stay would force Defendant and numerous plaintiffs to simultaneously litigate six separate actions. As such, any purported prejudice to Defendant is plainly outweighed by the benefits both the parties and the courts would receive from coordinated discovery and motion practice in the anticipated multidistrict

---

[3] Defendant filed a Motion to Dismiss Plaintiff's Complaint on February 13, 2023, a mere two days before the Motion to Transfer was filed with the Panel. *See* ECF No. 16. Plaintiff's opposition to Defendant's Motion to Dismiss is currently due on March 6, 2023, two days before response briefs to the Motion to Transfer are due.

litigation proceeding. *See Lopez v. Tyson Foods, Inc.*, 2008 WL 4186242, at *2 (D. Neb. Sept. 8, 2008) (granting stay because plaintiffs would not "suffer any prejudice by a brief stay," but defendants, "in contrast," would be prejudiced by "additional discovery or motion practice" that could "create duplicative and potentially inconsistent obligations").

## CONCLUSION

For the reasons discussed above, Plaintiff respectfully requests that this Court grant his motion and stay all further proceedings in this action pending a decision from the Panel on the Motion to Transfer.

Dated: March 2, 2023

Respectfully submitted,

*/s/ Nicholas A. Colella*
Gary F. Lynch
Kelly K. Iverson
Jamisen A. Etzel
Elizabeth Pollock-Avery
Nicholas A. Colella
Patrick D. Donathen
**LYNCH CARPENTER, LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, Pennsylvania 15222
Telephone: 412-322-9243
Facsimile: 412-231-0246
gary@lcllp.com
kelly@lcllp.com
jamisen@lcllp.com
elizabeth@lcllp.com
nickc@lcllp.com
patrick@lcllp.com

*Attorneys for Plaintiff*