**SHOOK, HARDY & BACON, L.L.P.**
Erin L. Leffler (PA ID No. 204507)
Two Commerce Square
2001 Market St., Suite 3000
Philadelphia, PA 19103
Tel: (215) 278-2555
Fax: (215) 278-2594
eleffler@shb.com

*Attorneys for Defendant Cabela's LLC*

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BRIAN CALVERT, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br> v.<br><br>CABELA'S, LLC,<br><br>      Defendants. | Case No. 2:22-cv-01460-WSH |

**DEFENDANT CABELA'S, LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION TO STAY [Dkt. 19]**

**I. Introduction.**

Defendant Cabela's, LLC ("Cabela's") opposes Plaintiff's request that this case be stayed pending the JPML's consideration of a motion to transfer pursuant to section 1407 [Dkt. 19]. This action is one of three related cases pending against BPS Direct LLC or Cabela's LLC in the district courts of Pennsylvania. BPS has moved, pursuant to Federal Rule of Civil Procedure 42(a), for consolidation of the *Cornell v. BPS Direct LLC*, Case No. 1:23-cv-00020-SPB, with this matter, as the two actions have common parties, identical claims, and will present the same factual and legal issues [*Cornell* Dkt. 7]. Specifically, in both actions, Plaintiffs assert that BPS's and Cabela's use of session replay software constitutes "wiretapping" and violates both state and federal law. The two actions are pending in the same district, but in different divisions and before different

judges. BPS has likewise moved to transfer and consolidate the *Vonbergen* case, pending in the Eastern District of Pennsylvania with *Calvert*, the first filed Pennsylvania federal court action. Case No. 2:22-cv-04709-KBH, Dkt 7. BPS and Cabela's have motions to dismiss pending in both the *Calvert* and *Cornell* matters.  *Calvert* Dkt. 16; *Cornell* Dkt. 8.

**II.     Argument.**

This action is one of eight pending nationally against BPS and/or Cabela's arising out of the use of session replay software on the basspro.com or cabelas.com websites.  Those eight cases are pending in seven different federal district courts and raise claims under the wiretap acts of five states, as well as the federal wiretap statute.  On February 15, 2023, Missouri plaintiff Arlie Tucker filed with the Judicial Panel on Multidistrict Litigation a Motion to Consolidate Cases Pursuant to section 1407.  MDL No. 3074, Dkt. 1.  That Motion seeks for all cases pending nationally to be centralized in a multidistrict litigation venued in the Western District of Missouri, where Plaintiff Tucker's claims are currently pending.

BPS and Cabela's have opposed the centralization of all cases in an MDL. MDL No. 3074, Dkt. 14. Rather BPS and Cabela's propose that cases within each jurisdiction be consolidated, consistent with its pending motions *Cornell* and *Vonbergen*, and agree to coordinate discovery across jurisdictions.

As noted in its JPML Opposition, centralization of cases from multiple jurisdictions invoking differing state wiretap statutes does not further efficiency or judicial economy. Rather, it is more practical and efficient for a local district judge to adjudicate issues under local law, as will be accomplished by Defendants' motions to consolidate.  Likewise, should the cases survive motions to dismiss, individualized issues related to each plaintiff's use of the website will be at issue – individualized issues that will not be reduced by centralization in an MDL.  Moreover, the

number of cases is not sufficient to warrant the creation of an MDL, and Defendants' ongoing efforts at consolidation and agreed informal coordination are adequate.

Just as centralization of all cases in one MDL is inappropriate, a stay of this case pending the JPML's decision on centralization is likewise inappropriate.  First, despite Plaintiff's representation to the contrary in the title of his Motion, it is not likely that the JPML will grant centralization of all cases, as the authorities set forth in Defendants' JPML Opposition demonstrate.  Moreover, the issues raised in Cabela's Motion to Dismiss will not be mooted or even materially altered by centralization of this case.  Those issues will still need to be decided, and if decided favorably for Cabela's, will moot any need for centralization and the administrative expenses of establishing an MDL.  Cases outside of Pennsylvania do not bring claims under the Pennsylvania wiretap act, and therefore even if an MDL is created, there will be little to no efficiencies in consolidated briefing across cases (other than across Pennsylvania cases, which can be accomplished by granting Defendants pending motions to transfer/consolidate in *Cornell* and *Vonbergen*). This case is still in its early stages, and any necessary first step in the case is the adjudication of Cabela's' pending motion to dismiss.  No discovery has been served and no scheduling orders have been entered so there is no risk of inconsistent or duplicative pretrial obligations at this juncture.[1]

Moreover, Cabela's will be prejudiced by a stay in this case as the stay will serve to unnecessarily delay adjudication of Cabela's' pending motion to dismiss.  Such a delay is particularly unwarranted where Plaintiffs Calvert and Cornell seek for any MDL that is created to be venued in either the Eastern District of Pennsylvania, or in the alternative the Western District of Pennsylvania (i.e., this court), a fact omitted from their respective Motions to Stay. MDL No.

---

[1] BPS does not oppose a stay of discovery pending adjudication of motions to dismiss across cases.

3074, Dkt. 12.[2]  Thus, staying this case will serve only to delay an adjudication that Plaintiffs themselves seek to have made by a Pennsylvania district court judge.  Though Plaintiff's Motion complains that "a denial of a stay would force Defendant and numerous plaintiffs to simultaneously litigate six separate actions", such an argument is a red herring, given the lack of overlap amongst claims.  Indeed, any rulings made in this case, while perhaps persuasive, will not be precedential as to any other case pending outside of Pennsylvania given the differing state statutes at play (California, Missouri, Maryland, Massachusetts and federal).

**III.    Conclusion.**

Given that there are no efficiencies to be gained by staying this matter pending the JPML's decision, Cabela's respectfully requests that this Court deny Plaintiff's Motion to Stay, and rule on Cabela's pending Motion to Dismiss.

SHOOK, HARDY & BACON L.L.P.

Dated: March 10, 2023

By:   /s/ *Erin L. Leffler*
      Erin L. Leffler (PA ID No. 204507)
      SHOOK, HARDY & BACON L.L.P.
      Two Commerce Square
      2001 Market St., Suite 3000
      Philadelphia, PA 19103
      Tel: (215) 278-2555
      Fax: (215) 278-2594
      eleffler@shb.com

      Alfred J. Saikali (*pro hac vice* forthcoming)
      Jennifer A. McLoone (*pro hac vice* forthcoming)
      SHOOK, HARDY & BACON L.L.P.
      201 South Biscayne Blvd., Suite 3200
      Miami, FL 33131
      Tel: (305) 358-5171
      Fax: (305) 358-7470

---

[2] Plaintiffs Cornell and Calvert are represented by the same counsel and filed a joint Response in Support of the JPML Motion.

asaikali@shb.com
jmcloone@shb.com

Elisabeth A. Hutchinson (*pro hac vice* forthcoming)
SHOOK, HARDY & BACON L.L.P.
1600 17th St. Suite 450
Denver, CO 80202
Tel: (303) 285-5300
Fax: (303) 285-5301
ehutchinson@shb.com

Anna A. El-Zein (*pro hac vice* forthcoming)
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, MO 64108
Tel: (816) 474-6550
Fax: (816) 421-5547
aelzein@shb.com

*Attorneys for Defendant Cabela's, L.L.C.*